FILED
2018 AUG 23 P 1: 45
US DISTRICT COURT
BRIDGEPORT CT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH CELLULAR TELEPHONES ASSIGNED CALL NUMBERS 203-954-9921; 203-212-1548; 475-325-8827; AND 203-581-1466. | Case No. 3:18mj1362(WIG)<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, MICHAEL SORRENTINO being first duly sworn, hereby depose and state as follows:

1. I, Michael A. Sorrentino, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, having been first duly sworn, hereby depose and state as follows:

2. I am a Special Agent employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). As such, I am a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code; that is, an officer empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Section 2516 of Title 18. I have been employed by ATF as a Special Agent since July, 2015. Prior to the ATF, I was employed by Fidelity Investments as both an Assistant Security Manager and a Regional Background Investigator. I am a graduate of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program, both of which are conducted at the Federal Law Enforcement Training Center in Glynn County, Georgia. I hold a Bachelor of Science Degree in Criminal Justice and a Minor in Psychology.

3. I have received specialized training in firearms identification and the investigation of firearms-related offenses. I have participated in investigations involving the unlawful



possession of firearms by prohibited persons, including persons who are previously convicted felons; the possession of firearms in furtherance of the distribution of narcotics; and the use of firearms in the commission of violent acts. I have participated in investigations involving individuals who unlawfully possess firearms, of individuals illegally selling firearms, and of individuals distributing illegal drugs. As such, I have participated in the controlled purchases of illegal narcotics and participated in controlled purchases of firearms utilizing confidential sources and cooperating witnesses; participated in the execution of search and arrest warrants pertaining to individuals involved in the illegal possession and distribution of firearms and narcotics; conducted physical surveillance of individuals involved in illegal drug distribution; analyzed records documenting the purchase and sale of firearms; provided Grand Jury testimony, and spoke with informants and subjects, as well as law enforcement officers and agents, regarding the manner in which individuals obtain, finance, store, transport, and distribute their illegal firearms and drugs. In addition, I have been involved in the investigation of street gangs, including gangs with a national presence as well as locally-based gangs. I have received training, either formal or on-the-job, in the provisions of the federal firearms and narcotics laws administered under Titles 18, 21 and 26 of the United States Code.

## INTRODUCTION

4.     I am the case agent in the investigation of Jalil HUMPHREY (DOB: xx/xx 1993 that is known to me) and Malique BLACKWELL (DOB: xx/xx/1995 that is known to me) for possible violations of Title 18 USC 922(g), felon in possession of a firearm, and Title 18 USC 923(a), engaging in the business of dealing firearms without a license. I am thoroughly familiar with the information contained herein

5. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number 203-954-9921 (the "TARGET TELEPHONE 1"), that is stored at premises controlled by Sprint Spectrum ("Sprint"), a wireless telephone service provider headquartered at 6480 Sprint Pkwy Overland Park, Kansas, information associated with a certain cellular telephone assigned call number 203-212-1548 ("TARGET TELEPHONE 2"), that is stored at premises controlled by New Cingular Wireless (a.k.a. "AT&T), a wireless telephone service provider headquartered at 11760 US Highway 1, Suite 600, North Palm Beach, FL; information associated with a certain cellular telephone assigned call number 475-325-8827 ("TARGET TELEPHONE 3"), that is stored at premises controlled by Omnipoint a.k.a. T-Mobile ("T-Mobile"), a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey; and information associated with a certain cellular telephone assigned call number 203-581-1466 ("TARGET TELEPHONE 4"), that is stored at premises controlled by Verizon Wireless (a.k.a. "Verizon"), a wireless telephone service provider headquartered at 180 Washington Valley Road Bedminster, NJ 07921. Collectively, the telephones are referred to herein as the "TARGET TELEPHONES" and the wireless providers are referred to herein as the "PROVIDERS."

6. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require the PROVIDERS to disclose to the government copies of the information further described in Part II of Attachment A. Upon receipt of the information described in Part II of Attachment A, government-authorized persons will review the information to locate items described in Part III of Attachment A.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

8. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18 USC 922(g), felon in possession of a firearm, and Title 18 USC 923(a), engaging in the business of dealing firearms without a license have been committed, are being committed, and will be committed by Jalil HUMPHREY and Malique BLACKWELL. There is also probable cause to search the information associated with the Target Telephones as described more particularly above for evidence, instrumentalities, contraband, or fruits of these crimes as further described in Attachment A.

## PROBABLE CAUSE

9. On May 18, 2018, members of the ATF New Haven field office spoke with a cooperating witness (herein referred to as CW-1) in regards to Jalil HUMPHREY. As discussed further below, Jalil HUMPHREY is a convicted felon. CW-1 has provided credible and reliable information throughout the course of this investigation. During the interview, CW-1 showed investigators a video that he/she stated was sent to him/her by Jalil HUMPHREY in July of 2017. The individual's face in the video is not shown, however, CW-1 believes the individual to be HUMPHREY. The video shows what appears to be a black male wearing a gold watch, red jacket with a dark zipper track, tan pants, and red sneakers, handling two separate firearms.

10. In a subsequent interview with ATF, CW-1 stated that Humphrey sent the aforementioned video from his old number which he/she described as the "9921" number (TARGET TELEPHONE 1). Law enforcement had previously learned that HUMPHREY



utilized phone number (203) 954-9921 (TARGET TELEPHONE 1) during 2017. CW-1 told investigators that the phone was not paid for by HUMPHREY. The affiant utilized "Accurint for Law Enforcement" and learned that the phone number is/was registered to a "Robin Shapiro" of Ansonia, Connecticut, who is the maternal grandmother of one of HUMPHREY's children. According to CW-1, HUMPHREY sold the phone in approximately January of 2018. CW-1 provided investigators with HUMPHREY'S current phone number as (475) 325-8827 (TARGET TELEPHONE 2).

11. CW-1 provided investigators with the aforementioned video for further analysis. Investigators were later able to identify visible markings on one of the firearms in the video, which were consistent with a make, model, and serial number. A "trace request" was then sent to using the markings found on the firearm to the ATF National Tracing Center to determine if any further information could be uncovered. The trace request revealed that the markings found on one of the firearms in the video were of a Taurus, PTIII Millennium G2, 9mm pistol, bearing serial number TKO40325, which had been purchased by Malique Blackwell (DOB xx/xx/1995 that is known to me) at "Jim's Gun Shop", located at 609 Woodland Road, Raleigh, North Carolina on June 21, 2017. ATF New Haven contacted "Jim's Gun Shop" and obtained the ATF Firearm Transaction Record (ATF Form 4473) associated with the transaction of the firearm, which corroborated that the firearm was purchased by BLACKWELL on June 21, 2017. During this investigation, investigators have learned that both BLACKWELL and HUMPHREY are from Ansonia, Connecticut and were close friends.

12. In an attempt to further connect BLACKWELL to Connecticut and HUMPHREY, a query in the Connecticut On-Line Law Enforcement Communications Teleprocessing (COLLECT) System was completed and revealed that Malique BLACKWELL was issued a

Connecticut identification card with the mailing address listed as 23 Lester St., Ansonia, Connecticut. In addition, the affiant located a publically accessible "Facebook" page belonging to user name, "Malique Blackwell". After comparing the picture associated with BLACKWELL's identification card with the photographs on the "Facebook" profile of "Malique Blackwell", I and other Law Enforcement officers believe that the "Facebook" account and identification card belong to the same Malique Blackwell. While analyzing the public "Facebook" page believed to be operated by BLACKWELL, it was found that he and user "Jalil Payne", who is believed to be the account operated by HUMPHREY, are "friends". In addition, in the "About" section of BLACKWELL's "Facebook" profile, the user has Ansonia High School listed as where he went to school and Bridgeport, Connecticut listed as where he lives.

13. ATF New Haven further learned that ATF Fayetteville (North Carolina) had previously interviewed BLACKWELL on September 21, 2017, at his residence in North Carolina regarding firearms he had purchased. The investigation into BLACKWELL began after a firearm purchased by BLACKWELL was recovered in Orange, Connecticut on July 4, 2017 during the arrest of Sheldon HALEY. It was also learned that BLACKWELL had two separate instances where he purchased two firearms within a span of five days in June of 2017. During the interview, BLACKWELL stated that he had purchased approximately ten (10) firearms but only had one remaining in his possession. Before the end of the interview, BLACKWELL signed an ATF Warning notice of unlicensed firearms dealing in violation of federal law, agreeing that he would no longer sell firearms without a Federal Firearms License.

14. A query in the ATF's eTrace system revealed that two additional firearms purchased in North Carolina by BLACKWELL in 2017 were later recovered in Connecticut during separate incidents.

utilized by Jalil HUMPHREY. A review of these records revealed a total of fifty-seven calls either to or from number (203) 581-1466 (TARGET TELEPHONE 4), which is one of the numbers utilized by BLACKWELL. It was also discovered that the two phones communicated on June 21, 2017, which is the day BLACKWELL purchased two Taurus handguns in North Carolina.

18. Through my training and experience, and from speaking with other Law Enforcement officers, I believe that BLACKWELL purchased firearms in North Carolina in 2016 and 2017, then sold them without a license to persons in Connecticut, to include his friend and/or associate, Jalil HUMPHREY, a convicted felon. I also believe that BLACKWELL continues to engage in dealing firearms without a license in 2018, and has continued to have communication with HUMPHREY in 2018.

19. I utilized law enforcement databases to determine that the cellular number of (203) 954-9921 (TARGET TELEPHONE 1) was serviced by Sprint Spectrum, cellular number (203) 212-1548 (TARGET TELEPHONE 2) is serviced by New Cingular Wireless aka AT&T, cellular number (475) 325-8827 (TARGET TELEPHONE 3) is serviced by Omnipoint aka T-Mobile, and cellular number (203) 581-1466 (TARGET TELEPHONE 4) is serviced by Verizon Wireless.

20. ATF learned from the Johnston County, North Carolina Sheriff's office that BLACKWELL purchased firearm permits in North Carolina starting at the end of December 2016 through 2017 and into 2018. I have received call detail records for all of the TARGET TELEPHONES from their respective providers pursuant to separate federal jury subpoenas. For this, I am requesting records based on each phones activity dates throughout 2017 and 2018. Specifically, I am requesting the following:

   i. TARGET TELEPHONE 1: February 2017-Present

   ii. TARGET TELEPHONE 2: January 2017-August 2018

   iii. TARGET TELEPHONE 3: December 2017- Present

   iv. TARGET TELEPHONE 4: August 2017-Present

21. A criminal history query in NCIC revealed that HUMPHREY is a convicted felon, having been convicted in the state of Connecticut of felonies in 2014 for the Sale of Controlled Substance (21a-277(b), and Assault 2nd Degree (53a-60).

22. In conclusion, there is probable cause to believe, and I do believe that the records and other information requested will contain evidence that will establish further the connection between HUMPHREY and BLACKWELL such as the following:

 a. **TARGET TELEPHONE 1** – if and when HUMPHREY travelled to the area of BLACKWELL's known address in North Carolina in 2017 and whether he was communicating with BLACKWELL during this time.

 b. **TARGET TELEPHONE 2** – if and when HUMPHREY travelled to the area of BLACKWELL's known address in North Carolina in 2018 and whether he was communicating with BLACKWELL during that time.

 c. **TARGET TELEPHONE 3** – if and when BLACKWELL travelled to Connecticut and if he spent time in the areas of HUMPHREY's known addresses and whether he was communicating with HUMPHREY during that time.

 d. **TARGET TELEPHONE 4** - if and when BLACKWELL travelled to Connecticut and if he spent time in the areas of HUMPHREY's known addresses and whether he was communicating with HUMPHREY during that time.



23. In my training and experience, I have learned that the PROVIDERS are companies that provide cellular telephone access to the general public. I also know that as such, they have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

24. Based on my training and experience, I know that the PROVIDERS can collect cell-site data about the TARGET TELEPHONES. I also know that wireless providers such as the PROVIDERS typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes. I have further sent preservation requests to all of the named PROVIDERS.

25. Based on my training and experience, I know that wireless providers such as the PROVIDERS identified above typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card

10



account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as the PROVIDERS typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the TARGET TELEPHONE's user or users and may assist in the identification of co-conspirators and/or victims.

## REQUEST FOR ORDER OF NON-DISCLOSURE:

26. The United States further requests that the Order require Sprint, AT&T, T-Mobile, and Verizon not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order until further order of the Court. See 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this

11



investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their cellular telephones.

## AUTHORIZATION REQUEST

27.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

28.     I further request that the Court direct Sprint, AT&T, T-Mobile, and Verizon (the PROVIDERS) to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on the PROVIDERS, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.



29.     I further request that the Court order that all papers in support of this application, including the affidavit, applications and search warrants, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

_____
MICHAEL SORRENTINO
Special Agent
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

Subscribed and sworn to before me on Aug. 22, 2018

s/William I. Garfinkel
_____
WILLIAM I GARFINKEL, UNITED STATES MAGISTRATE JUDGE

13

## ATTACHMENT A

I.   **Property to be Searched**

This warrant applies to records and information associated with the cellular telephone assigned call number 203 -954-9921 (the "TARGET TELEPHONE 1"), that is stored at premises controlled by Sprint Spectrum ("Sprint"), a wireless telephone service provider headquartered at 6480 Sprint Pkwy Overland Park, Kansas; records and information associated with a certain cellular telephone assigned call number 203-212-1548 ("TARGET TELEPHONE 2"), that is stored at premises controlled by New Cingular Wireless a.k.a. "AT&T) (a.k.a. "AT&T), a wireless telephone service provider headquartered at 11760 US Highway 1, Suite 600, North Palm Beach, FL; records and information associated with a certain cellular telephone assigned call number 475-325-8827 ("TARGET TELEPHONE 3"), that is stored at premises controlled by Omnipoint a.k.a. T-Mobile ("T-Mobile"), a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey; records and information associated with a certain cellular telephone assigned call number 203-581-1466 ("TARGET TELEPHONE 4"), that is stored at premises controlled by Verizon Wireless (a.k.a. "Verizon"), a wireless telephone service provider headquartered at 180 Washington Valley Road  Bedminster, NJ  07921.

II.   **Information to be Disclosed by the Provider**

To the extent that the information described in Part I is within the possession, custody, or control of the Providers, including any information that has been deleted but is still available to the Providers or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Providers is required to disclose to the government the following information pertaining to the accounts listed for the following time periods:



**203 954-9921 (TARGET TELEPHONE 1) February 2017-Present**

**203 212-1548 (TARGET TELEPHONE 2) January 2017-August 2018**

**475 325-8827 (TARGET TELEPHONE 3) December 2017- Present**

**203 581-1466 (TARGET TELEPHONE 4) August 2017-Present**

    a. The following information about the customers or subscribers of the Account:

        i. information regarding the cell towers and sectors through which the communications were sent and received.

**III.**    **Information to be Seized by the Government**

All information described above that constitutes evidence of violations of Title 18 USC 922(g), felon in possession of a firearm, and Title 18 USC 923(a), engaging in the business of dealing firearms without a license involving BLACKWELL and HUMPHREY during the periods:

**203 954-9921 (TARGET TELEPHONE 1) February 2017-Present**

**203 212-1548 (TARGET TELEPHONE 2) January 2017-August 2018**

**475 325-8827 (TARGET TELEPHONE 3) December 2017- Present**

**203 581-1466 (TARGET TELEPHONE 4) August 2017-Present**